UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KAREN DONGES,  
        Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,  
        Defendant.

Case No. 1:12-cv-314  
Dlott, J.  
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

This matter is before the Court on plaintiff's motion for attorney fees under the Equal Access to Justice Act ("EAJA") (Doc. 21) and the Commissioner's memorandum in response. (Doc. 23).

Plaintiff seeks attorney's fees in the amount of $2,557.08, representing 14.50 hours of work at an hourly rate of $176.35. (Doc. 21 at 1). Plaintiff has attached a Statement in which she requests that this award be paid directly to her attorneys. (Doc. 21, Ex. 2 at 2). Plaintiff does not seek reimbursement for costs associated with this matter.

The Commissioner does not object to awarding plaintiff the requested amount of $2,557.08, but objects to her request that the award be paid directly to her attorney absent verification that plaintiff does not have any pre-existing debt to offset. (Doc. 23 at 1-2). The Commissioner states that if the Court enters an award for plaintiff, and the Commissioner can subsequently verify that plaintiff owes no pre-existing debt subject to offset, the Commissioner will agree to direct that the award be made payable to plaintiff's attorney pursuant to the EAJA assignment signed by plaintiff and counsel. (Doc. 23 at 2, n.2).

Given the parties' representations, the Court finds that plaintiff is entitled to attorney fees for 14.50 hours of work at an hourly rate of $176.35, for a total award amount of $2,257.08. However, the award is payable to plaintiff rather than plaintiff's counsel.  *See Astrue v. Ratliff*, 560 U.S. 586, 130 S.Ct. 2521, 2529 (2010).  *See also Renneker v. Astrue*, No. 1:10-cv-386, 2012 WL 12696, at *2 (noting that "assignment of an EAJA award executed in advance of any actual award, violates the Anti-Assignment Act, 31 U.S.C. § 3272" and that to make an award directly to the attorney before the Commissioner determines whether the plaintiff owes a pre-existing debt to the United States against which the EAJA fee award could be offset "would jeopardize the ability of the United States to collect such debts, if any exist").  As the award of EAJA fees may be offset against any pre-existing debt plaintiff may owe to the United States, the fee must be made to plaintiff and not to plaintiff's attorney.

The Court therefore **RECOMMENDS** that the EAJA fee petition be **GRANTED** and that plaintiff be **AWARDED** $2,557.08 in attorney fees.


Date   11/25/13                                                   s/Karen  L.  Litkovitz
                                                                   Karen L. Litkovitz
                                                                   United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| KAREN DONGES,<br>　　　　Plaintiff,<br><br>　　vs.<br><br>COMMISSIONER OF<br>SOCIAL SECURITY,<br>　　　　Defendant. | Case No. 1:12-cv-314<br>Dlott, J.<br>Litkovitz, M.J. |

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

3